

05 CV 8724

401-05
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
EVOLUTION MARKETS LLC,
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Michael E. Unger   (MU 0045)
Daniel J. Fitzgerald (DF 6313)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
OCT 14 2005
U.S.D.C. S.D.N.Y.
CASHIERS

-------------------------------------------------------------x

EVOLUTION MARKETS LLC,

                 Plaintiff,

          -against -

GLOBAL INFRASTRUCTURE HOLDINGS LTD.,

                 Defendant.

-------------------------------------------------------------x

05 CIV _____ (     )

**VERIFIED COMPLAINT**

Plaintiff EVOLUTION MARKETS LLC through its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant GLOBAL INFRASTRUCTURE HOLDINGS LTD. ("GIHL"), alleges upon information and belief as follows:

1     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract by Defendant GIHL. The case also falls within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

2.     At all times relevant hereto, Plaintiff EVOLUTION MARKETS LLC was and still is a limited liability company duly organized and existing under the laws of Delaware with an address at 10 Bank Street, White Plains, New York 10606.

3.     Plaintiff EVOLUTION MARKETS LLC is the successor in interest to EVOLUTION CARBON INTERNATIONAL LLC both hereinafter "EVOLUTION."

4      At all times relevant hereto, Defendant GIHL was and still is a foreign business entity duly organized and existing under the laws of a foreign country with a registered office and place of business at LOB 16411, Jebel Ali Free Zone, Dubai United Arab Emirates.

5.     On or about December 17, 2004, Plaintiff EVOLUTION, brokered a contract for the purchase and ocean transportation of five (5) shipments of coal from Baltimore, Maryland or Hampton Roads, Virginia on behalf of Defendant GIHL.

6      Pursuant to the terms of the contract, five (5) ocean shipments of coal were to take place evenly spread, beginning in February 2005 until the end of the year. Defendant GIHL was required to nominate a vessel to perform each shipment and open a letter of credit in favor of the seller in respect to each shipment.

7.     In accordance with the terms of the contract a commission calculated at the rate of $1/MT, (for a total commission of $225,000.00), was due and payable to Plaintiff EVOLUTION one month before the first nominated layday of each shipment

8.     Pursuant to the terms of the contract, two shipments of coal were performed in March and June of this year aboard the vessels M/V XANADU and M/V SPLIT respectively.

9    Defendant GIHL paid the $45,000.00 commission in respect to the cargo carried aboard the M/V XANADU, in March 2005, albeit late.

10.    Despite due demand, Defendant GIHL has refused or otherwise failed to pay EVOLUTION outstanding commission in the amount of $45,000 for the second shipment of coal transported aboard the M/V SPLIT in June of this year.

11.    Defendant GIHL has admitted the sum of $45,000 is due and owing to EVOLUTION in respect to the second shipment but in breach of the contract has failed to make payment.

12    On or about July 28, 2005, Defendant GIHL failed to nominate a vessel or open a letter of credit, in accordance with the terms of the contract, for the third shipment of coal.

13.    As of October 11, 2005, Defendant GIHL has failed to nominate a vessel or open a letter of credit for the third, fourth and fifth shipments due under the contract.

14.    In breach of the contract and despite due demand, Defendant GIHL has refused or otherwise failed to pay EVOLUTION outstanding commissions now due and owing in the amount of $135,00 00 for the third, fourth and fifth ocean shipments of coal due under the contract

15    As of October 11, 2005, and taking into consideration all payments made on account, GIHL owes Plaintiff EVOLUTION for outstanding commissions under the contract totaling $180,000.00.

16    Plaintiff EVOLUTION has fulfilled all obligations required of it under the contract.

17      This action is brought in order to obtain jurisdiction over Defendant GIHL as well as to obtain security in favor of Plaintiff EVOLUTION in respect to EVOLUTION's claims against Defendant GIHL

18.     Upon information and belief, and after investigation, Defendant GIHL cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant GIHL (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name as may be held, received, or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to JPMorgan Chase Bank, Citibank, Bank of America, Korean Exchange Bank, The Bank of New York, HSBC, HSBC USA Bank NA,  and/or other institutions or such other garnishees to be named.

19.     The total amount of Plaintiff EVOLUTION's claim which is sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by Evolution against GIHL includes:

   (i)      Unpaid commissions in the sum of $180,000 00 which GIHL has improperly failed to pay;

   (ii)     Interest at the rate of 6% per annum, which is recoverable in admiralty cases, estimated to the time of entry of judgment in two

years in the sum of $21,600 00;

for a total claim amount sought to be attached of $201,600 00.

WHEREFORE, Plaintiff EVOLUTION prays:

a     That process in due form of law according to the practice of this Court issue against Defendant GIHL, citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim of $180,000.00 plus interest;

b.     That if Defendant GIHL cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant GIHL, up to and including the claim of **$201,600.00** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant GIHL (collectively hereinafter, "ASSETS"), including but not limited to such ASSETS as may be held, received, or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to Citibank, Bank of America, The Bank of New York, HSBC, HSBC USA Bank NA, and/or other institutions or such other garnishees to be named;

c.    That Plaintiff EVOLUTION have such other, further and different

relief as this Court may deem just and proper in the premises.

Dated: New York, New York
      October 12, 2005

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
EVOLUTION MARKETS LLC

By: _____
      Michael E. Unger   (MU 0045)
      Daniel J Fitzgerald (DF 6313)
      80 Pine Street
      New York, NY  10005
      (212) 425-1900
      (212) 425-1901 fax

## VERIFICATION

State of New York     )
                       ) ss.:
County of Westchester )

      ANDREW ERTEL of EVOLUTION MARKETS LLC, being duly sworn, deposes and says as follows:

      1.     I am the President and CEO of EVOLUTION MARKETS LLC.

      2     I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

      3     The sources of my information and the grounds for my belief are personal information and my review of documents kept by EVOLUTION regarding the claim.

 

                                            _____
                                                    Andrew Ertel

Sworn to before me this
14th day of October 2005

_____
      Notary Public

        MICHAEL E. UNGER
     Notary Public, State of New York
         No. 02UN6051192
    Certificate Filed in Suffolk County
   Commission Expires November 20, 20___